STATE of Indiana DEPARTMENT OF TRANSPORTATION, Appellant–Defendant,

v.

John W. HOFFMAN, Sr., Sheila Hoover, Sarah Marie Transportation, Appellees–Plaintiffs.

No. 32A05–9902–CV–77.

Court of Appeals of Indiana.

Dec. 30, 1999.

---

General, Indianapolis, Indiana, Attorneys for Appellant.

Richard D. Hailey, Denise K. Young, Ramey & Hailey, Indianapolis, Indiana, Attorneys for Appellees.

## OPINION

GARRARD, Judge

The Indiana Department of Transportation (IDOT) appeals from a judgment entered upon a jury verdict in favor of John Hoffman, Sheila Hoover Hoffman and Sarah Marie Transportation (the Hoffmans) contending the trial court erred in refusing to admit the testimony of a police officer as to his opinion concerning the cause of the collision. We affirm.

The facts introduced at trial established that Mr. and Mrs. Hoffman were truck drivers. John had been driving for thirty-four years and had logged more than five million miles. As a result he was familiar with construction sites and markings around them. He had trained other drivers and had been awarded various safe driving commendations.

On July 4, 1993, the Hoffmans were traveling cross country with their children in a semi tractor-trailer en route to their final destination, San Francisco. Sheila drove while John slept for nine hours. Late that night, the family stopped for approximately an hour to take a break, eat, catch up on their logs, and change drivers. They continued on their way through Indiana.

John had been driving for about an hour when the family came upon construction on Interstate 74 at 1:30 a.m. on July 5. Although no signs required it, John reduced his speed to 40–45 miles per hour. He observed arrow signs and then barrels lined up to close off the right lane and direct him into the left lane. While the barrels were illuminated in his headlights, John could see nothing beyond the barrels. John described what happened next:

Jeffrey A. Modisett, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney

And as I came up into the closed area you couldn't really see in it, so I was paying attention to the line [on] the left, and the barrels on the right. And when I saw [the barrier] I didn't think the truck was going to fit through there and the first thing that went through my mind [was] they can't have something like that to fit this truck through out here. So I backed off of it again a little bit and when I went into the hole, the front end of the truck went through the hole, but the tandem [or trailer] caught the barrier on the right hand side.

Supp. Record at 58–59. Thus, while the tractor made it through, the first wheels on the trailer caught the end of the first concrete barrier that was parallel with the road on the right side and was sticking out into the lane and inside the line created by the barrels. The trailer began to tip and John fought to keep the truck on the road. Although the truck did not touch any of the barrels, it did run over several barriers. The truck finally came to a rest against the right guardrail with the trailer on its right side and the tractor twisted, but upright. After the collision with the concrete barriers, John exited his truck and measured the width of the construction lane. Both his tractor and his trailer were wider than the lane created by the yellow line on the left and the concrete barriers on the right.

Following a jury trial, judgment was entered against IDOT and in favor of John in the amount of $24,500.00, in favor of Sheila in the amount of $8,500.00, and in favor of Sarah Marie Transportation in the amount of $105,000.00.

At trial IDOT wished to introduce the opinion testimony of Deputy Sheriff Gerald Woodard, the investigating officer at the scene, concerning the "primary contributing circumstance" to the occurrence of the accident. An objection was lodged, the court heard counsel and an offer of proof out of the presence of the jury and sustained the objection.

On appeal IDOT contends that the objection lodged at trial was not a proper ground for exclusion. It further contends that since contributory negligence remains a complete defense in actions against it, the probative value of the officer's opinion far outweighed its prejudicial value. We will address both assertions.

■ IDOT's first contention concerning the objection made at trial misses the mark. When in response to an objection a trial court rules to exclude evidence, the question for appellate review is not the nature of the objection made but whether the evidence was properly excluded. If any valid reason supports the exclusion of the evidence, there is no reversible error. *Mundy v. Angelicchio*, 623 N.E.2d 456, 460 (Ind.Ct.App.1993); *Fendley v. Ford*, 458 N.E.2d 1167, 1169 (Ind.Ct.App.1984); *State v. Edgman*, 447 N.E.2d 1091, 1103 (Ind.Ct.App.1983); *American United Life Ins. Co. v. Peffley*, 158 Ind.App. 29, 301 N.E.2d 651, 655 (1974), *reh'g denied*, 158 Ind.App. 29, 306 N.E.2d 131. That is because the proper consideration on appeal is not the accuracy of the objection but whether the evidence, itself, should be put before the jury.

■ Here the evidence was properly excluded because of the lack of a proper foundation qualifying the officer as an expert witness. During the colloquy over the objection, the officer was examined out of the presence of the jury. After initially indicating that she would not simply allow the officer to state that in his report he stated the opinion that driver inattention was the primary contributing cause of the accident, the court twice offered counsel the opportunity to qualify the officer as an expert witness. Counsel did nothing in response to establish the officer's special expertise. Under Ind. Evid. Rule 702(a) it was his responsibility to do so to render the opinion admissible. Accordingly, the court did not abuse its discretion in excluding the evidence.

Following the decision in *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), we have expressly recognized the function of the trial judge as a "gatekeeper" in the admission of expert testimony. That is to say that the trial court has a proper function in controlling the admission of proffered expert testimony rather than merely admitting whatever is offered and leaving it to the jury (with the benefit of opposing counsel's response) to determine what weight it should be given. While new impetus was given that function by the adoption of Evid. R. 702(b) it has been long recognized that the court's determination of whether a witness is qualified as an expert to give an opinion is reviewable only for abuse of discretion. *Wooley v. State*, 716 N.E.2d 919, 927 (Ind. 1999); *Howerton v. Red Ribbon, Inc.*, 715 N.E.2d 963, 967 (Ind.Ct.App.1999).

IDOT argues that the probative value of the proffered testimony outweighs its prejudicial value. We disagree. The argument necessarily concerns relevance and Evid. R. 401—403. If the evidence has *any* tendency to make the existence of a fact of consequence more or less probable it is relevant and admissible, except as otherwise provided by the rules of evidence or, where its probative value is substantially outweighed by the danger of unfair prejudice.

Thus, the primary reason sustaining exclusion of the opinion was that it was excluded by virtue of Evid. R. 702. Beyond that reason it was excludible because it might be deemed to have had no tendency to establish a fact of consequence since the qualifications of the witness were not established, or viewed from the other perspective, if the opinion is assumed to have been relevant, then the danger of unfair prejudice outweighed its potential value due to the lack of established qualifications of the witness.

In sum, IDOT has failed to demonstrate prejudicial error. The judgment is therefore affirmed.

Affirmed.

DARDEN, J. and FRIEDLANDER, J. concur.